UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SABAS LUIS RUIZ,

       Plaintiff,                               Civil No. 06-310-HA

      v.                                      ORDER

ACCREDITED HOME LENDERS, INC.;
ACCEPTANCE CAPITOL MORTGAGE, CORP.;
COUNTRYWIDE HOME LOANS INC.;
RECONTRUST COMPANY, N.A..

       Defendants.

HAGGERTY, Chief Judge:

    Plaintiff's Complaint alleges that defendants Accredited Home Lenders, Inc. (Accredited), Acceptance Capitol Mortgage, Corp. (Acceptance), Countrywide Home Loans, Inc. (Countrywide) and ReconTrust Company, N.A. (ReconTrust) committed fraud by concealment and conspiracy by failing to disclose accurate costs and ramifications of a

1    - ORDER

commercial loan plaintiff sought from them, and also breached various contractual duties in so doing. All defendants except for Acceptance moved to dismiss this action on May 22, 2006. Acceptance moved for joinder in that motion, and asserted its own Motion to Dismiss, on May 26, 2006. These motions assert that plaintiff's claims are barred by the applicable statute of limitations and that plaintiff fails to state a claim upon which relief may be granted.

Plaintiff failed to respond in any manner to these motions within the period allowed by this court's Local Rules. The court ordered plaintiff to show cause [15] in writing as to why this case should not be dismissed because of plaintiff's failure to prosecute and his untimely filing. Plaintiff filed a response to the court's order to show cause, and based on plaintiff's representations the court accepted plaintiff's untimely Response [13] to defendants' Motions to Dismiss [5] [7]. The court deemed oral argument to be unnecessary and took these motions under advisement on October 17, 2006.

**FACTUAL BACKGROUND**

For purposes of this motion, the court accepts plaintiff's factual allegations as true.

This Complaint arises from a loan transaction to purchase real estate between plaintiff, Accredited, and Acceptance. On March 3, 2004, Accredited, the lender, informed plaintiff that the loan in question needed to close the next day, although plaintiff did not believe that the loan transaction would be consummated until March 8, 2004. Plaintiff claims that he was not given adequate time to study the loan disclosures given to him by defendants before the transaction closed on March 4, 2004. Instead, Accredited told plaintiff that the sale had to be completed by the end of the day on March 4, 2004, or the deal was off.

On March 4, 2004, plaintiff executed two promissory notes and two deeds of trust in favor of Accredited. In return, Accredited advanced funds to plaintiff for plaintiff to purchase residential property. The deeds of trust given to Accredited by plaintiff constituted first and second secured liens against the property.

Acceptance acted as the mortgage broker for the loans extended by Accredited. One of the fees paid to Acceptance for its services was a yield spread premium ("YSP"). The YSP was included in the Settlement Statement, which was disclosed to plaintiff. Compl., Exhibit E.

On March 7, 2006, plaintiff filed a Complaint alleging numerous claims against the defendants, arising from the fact that defendants did not disclose to plaintiff "the financial consequences of the yield spread premium." Compl., ¶ 31.

## STANDARDS

When considering motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether it appears beyond a doubt that plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *See* Fed. R. Civ. P. 12(b)(6); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997). The reviewing court must treat all facts alleged in the complaint as true, and all doubts are resolved in favor of the nonmoving party. *Gilligan,* 108 F.3d at 248; *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental Eng'g, Inc. v. United Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

The statute of limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677,

682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*

## DISCUSSION

Plaintiff has alleged claims against defendants for fraud, conspiracy to commit fraud, breach of fiduciary duty, breach of contract, interference with contract, breach of duty of good faith, and recission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600, et. seq., arising from a loan made to plaintiff by Accredited and subsequently assigned to Countrywide and/or ReconTrust in March 2004. Plaintiff's state law claims are all based on the same underlying conduct–defendants' alleged "conspiring and defrauding" plaintiff.

Defendants argue that plaintiff's claims are barred by the statute of limitations in 15 U.S.C. § 1640(e) and O.R.S. 12.110. In addition, defendants argue that plaintiff has failed to state a claim upon which relief may be granted.

### A. TILA Fraud Claims

Plaintiff asserts claims against Accredited and Acceptance for fraud by concealment and conspiracy to commit fraud by concealment. Specifically, plaintiff alleges that defendants had a duty under TILA "to disclose to plaintiff the financial costs and ramifications of the YSP." Compl., ¶ 37. Defendants argue that these claims are barred by the applicable statute of limitations.

Any claim against a creditor for failure to comply with TILA must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). The Ninth Circuit has held that "the limitations period in § 1640(e) runs from the date of the consummation of the

4      - ORDER

transaction but the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

Here, equitable tolling is not appropriate because the YSP was disclosed to plaintiff in the loan documents he received on the day of closing.  Further, nothing prevented plaintiff from comparing the loan documents and TILA's statutory and regulatory requirements.  *See id.*  Since plaintiff consummated the transaction on March 4, 2004, and he did not commence this litigation until March 7, 2006, his TILA claim is time-barred.

Plaintiff argues that this is an action for recoupment, which is an exception to the general statute of limitations under § 1640(e).  This court adopts the Fifth Circuit's holding that actions for recoupment, however, are only exceptions to the general statute of limitations when asserted as a defense to an action.  *See Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir. 1986).  Here, plaintiff claims are affirmative rather than defensive, and therefore the one-year statute of limitations under § 1640(e) is applicable.

Accordingly, plaintiff's first, second, and third claims for relief are time-barred under 15 U.S.C. § 1640(e).

### B.  State Claims

Plaintiff's remaining state claims are similarly time-barred under the applicable Oregon statute of limitations.  O.R.S. 12.110 provides that an action for injuries to a person must be filed within two years of the date of the injury, or two years from the date of discovery of injury for claims based on fraud or deceit.  Discovery is defined as "from the time the fraud was known or

could have been discovered through the exercise of reasonable care." *Winkelman v. Blyth & Co.*, 394 F. Supp. 994, 996 (D. Or. 1973).

Plaintiff received the Settlement Statement, which disclosed YSP, at closing on March 4, 2004. Plaintiff argues that he could not have reasonably discovered the alleged fraud at the consummation of the transaction due to his lack of understanding of the English language. Even if plaintiff had alleged in his Complaint that his lack of English language skills prevented him from discovering the fraud, this argument fails because plaintiff, using reasonable care, could have discovered the YSP disclosure in the Settlement Statement.

As set out above, O.R.S. 12.110 requires all claims alleging injury to a person to be filed within two years of the date of injury. Here, the date of injury was March 4, 2004, when plaintiff closed the loan which contained the YSP to which he is now objecting. Plaintiff learned, or could have learned, on March 4, 2004 about the YSP, as it is clearly disclosed in the Settlement Statement. Because plaintiff did not commence this litigation until more than two years after the loan closed, his claims are time-barred.

Accordingly, plaintiff's fourth, fifth, sixth and seventh claims for relief are time-barred under O.R.S. 12.110.

### C. Recission Claim (Eighth Claim)

Plaintiff's eighth claim alleges that the second loan is a "high cost loan," under 15 U.S.C. § 1639 and 12 C.F.R. § 226.32, which requires Accredited to have made additional disclosures to plaintiff. Plaintiff contends that the second loan should be rescinded because these disclosures were not made. This claim fails as a matter of law because 12 C.F.R. § 226.32 does not apply to residential mortgage transactions. 12 C.F.R. § 226.32(a)(2).

**CONCLUSION**

For the foregoing reasons, plaintiff's TILA fraud claims are time-barred under 15 U.S.C. § 1640(e), plaintiff's state law claims are time-barred under O.R.S. 12.110, and plaintiff's eighth claim fails to state a claim upon which relief may be granted.  Defendants' Motions to Dismiss [5] [7] are GRANTED, and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this   25   day of January, 2007.


   /s/ Ancer L. Haggerty   
Ancer L. Haggerty
United States District Judge